**Darrell MCCAFFERY, Plaintiff—Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 04–35729.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Oct. 7, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Linda Ziskin, Law Offices, Lake Oswego, OR, for Plaintiff–Appellant. Joanne E. Dantonio, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER, GOULD and BEA, Circuit Judges.

## MEMORANDUM **

Darrell McCaffery appeals the district court's order affirming the Administrative Law Judge's denial of disability insurance benefits and supplemental security income payments under the Social Security Act, 42 U.S.C. §§ 401–433. We affirm. Because the parties are familiar with the facts, we do not recite them in detail.

■ First, the ALJ did not err in discrediting McCaffery's testimony. The ALJ provided specific reasons why he found the testimony unpersuasive, *see Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 598–99 (9th Cir.1999), and his finding is supported by clear and convincing evidence. *See Smolen v. Chater,* 80 F.3d 1273, 1283–84 (9th Cir.1996). Specifically, the ALJ acknowledged McCaffery's pain but found the degree of pain alleged not credible. The ALJ properly relied on observations made by doctors regarding the extent of McCaffery's pain; the fact that McCaffery has never been a surgical candidate and has received only conservative treatment; the fact that McCaffery has displayed drug-seeking behaviors; and notes of doctors indicating McCaffery had an exaggerated pain response.

■ Second, the ALJ gave appropriate weight to Physician's Assistant Wilson's reports. Because Wilson was not a doctor, his observations were entitled only to the deference owed other lay witnesses. An ALJ must take lay witness testimony into account unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001). The ALJ rejected some of Wilson's testimony, but offered specific reasons for doing so supported by substantial evidence in the record.

Third, the ALJ did not disregard or reject the opinion of any doctor, treating or otherwise. The ALJ acknowledged and credited doctors' testimony regarding McCaffery's pain and concluded that McCaffery was unable to perform some categories of work because of this pain.

■ Fourth, the ALJ properly used the vocational grids and had no need to consult with a vocational expert. The grids may be used where a claimant has both exertional and non-exertional limitations. However, if a claimant's non-exertional limitations are "in themselves enough to limit his range of work, the grids do not apply, and the testimony of a vocational

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

expert is required to identify specific jobs within the claimant's abilities." *Polny v. Bowen,* 864 F.2d 661, 663–64 (9th Cir. 1988). Based on doctors' reports and other evidence in the record, the ALJ found that McCaffery was not suffering from significant psychological impairments.

Fifth, the ALJ was not required to develop evidence regarding a possible mental impairment or the psychosomatic nature of McCaffery's pain because the ALJ found McCaffery's claims of pain to be not credible. *See Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir.2002).

For similar reasons, McCaffery's claim that the ALJ erred in failing to engage in a thorough sustainability analysis must also fail. The ALJ properly found not credible McCaffery's testimony as to his inability to sustain long-term employment.

The judgment of the district court is AFFIRMED.